Favorite Panama Hat Company, Inc. v. Commissioner.
Favorite Panama Hat Co. v. Commissioner
Docket No. 111132.
United States Tax Court
1943 Tax Ct. Memo LEXIS 269; 2 T.C.M. (CCH) 231; T.C.M. (RIA) 43274; June 7, 1943
*269 Josiah Reiss, Esq., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: This proceeding involves deficiencies in petitioner's income and excess-profits taxes for its taxable year ended July 31, 1940, in the amounts of $177.76 and $131.99, respectively. Petitioner has acquiesced in certain adjustments which in part give rise to the deficiencies determined. Only one question is presented, namely: Is petitioner entitled to deduct from income as a business expense $1,020 representing premiums paid on policies of life insurance on the lives of its officers who were also its stockholders, wherein their wives were beneficiaries, such policies having been assigned and held in the taxable year as collateral security for loans to petitioner? The question involved is presented on a stipulation of facts supplemented by oral testimony and documentary evidence. All of the facts stipulated are found as facts whether or not herein set forth. [The Facts] Petitioner is a New York corporation and filed its income tax return for the year involved with the collector of internal revenue for the second collection district of New York. During *270 all the times here material petitioner's stock was owned equally by Rubin Rubak, Lewis Calem and Meyer Rubenstein who were, respectively, its president, secretary and treasurer. These officers devoted their entire time to the business of the corporation. On December 30, 1931, the Equitable Life Assurance Society of the United States issued a $10,000 ordinary life insurance policy on the life of each such officer. All premiums thereon have been paid by petitioner which was originally named as beneficiary in each of the policies. On September 16, 1937, the wife of the insured in each of the three policies was named beneficiary instead of the petitioner. Since such change of beneficiaries the premiums paid have constituted additional compensation to the officers. However, the cash surrender value of the policies was carried on petitioner's books as an asset until July 5, 1941 when the entry to such effect was removed pursuant to resolution of its board of directors. In the financial statement of petitioner as of July 31, 1939, the cash surrender value of such life insurance was listed in the amount of $7,491.90 under the heading of assets. In its financial statements as of July 31, 1940, *271 the same item was listed as an asset in the amount of $7,749.50. The financial statement of July 31, 1939 was taken into consideration by the Trade Bank & Trust Company in making loans to petitioner during the taxable period involved herein. On October 19, 1939, the insured and beneficiary of each of the three policies executed an assignment of their policy as collateral security to the Trade Bank & Trust Company for the purpose of securing petitioner's then existing $5,000 indebtedness to it as well as future loans to be made to petitioner. The assignments provided that the bank would release the interest assigned upon payment of the loans. The policies have been held by the bank under these assignments continuously since October 19, 1939. During the fiscal year ended July 31, 1940, the taxable year here involved, petitioner paid to each of its three officers a salary of $1,908, exclusive of the insurance premiums paid in the taxable year on such policies of insurance. The total amount of the premiums so paid was $1,020. The amount of compensation paid to each officer including the amount of the premium on his policy of insurance did not exceed a reasonable allowance for services *272 as such officer. In its income tax return for the taxable year involved petitioner deducted from gross income the amount of such premiums paid as a business expense. The disallowance of the deduction by respondent is the basis for the controverted part of the deficiencies determined by the respondent. [Opinion] The uncontradicted evidence is that the premiums in the instant proceeding were paid by petitioner as part of the compensation to its officers for services rendered to petitioner and it is stipulated that the compensation paid to its respective officers, including the amounts of such premiums, does not exceed a reasonable amount for such services. Accordingly, petitioner is entitled to the deduction here in controversy unless such deduction is prohibited by section 24 (a) (4) of the Internal Revenue Code. [1] Respondent contends that petitioner is indirectly a beneficiary under the policies in question within the meaning of the cited statute because the policies were pledged as collateral security for loans to petitioner. In a number of prior cases we have had the question of the applicability of the cited statute and have consistently held that where a taxpayer paid *273 the premiums on policies of life insurance on its officers for the use of such policies as collateral security for loans to the taxpayer, the premiums so paid were not deductible for income tax purposes whether or not the taxpayer was the named beneficiary in such policies. Such holdings are found in Williamson Veneer Co., 10 B.T.A. 1259; Hewett Grain & Provision Co. of Escanaba, 14 B.T.A. 281; and Joy Floral Co., 7 B.T.A. 800. The policies involved in the instant proceeding originally named petitioner as the beneficiary and during the time it remained as such, petitioner was unquestionably the direct beneficiary under the policies. However, in the taxable year involved the respective wives of the insured officers were the named beneficiaries in the policies. The same persons who were exclusively financially interested in the business carried on by petitioner and who controlled its corporate action and business operations required petitioner to pay the premiums for the insurance and as individual owners of the policies of insurance pledged such policies as collateral security for loans *274 to petitioner. The record does not disclose categorically an understanding between petitioner and its insured officers that such policies were, of occasion required, to be so pledged. The fact is, however, that regardless of whether there was an express understanding to such effect, such an arrangement was executed by the same persons who controlled both the corporation and the disposition of the insurance policies. The assignment of the policies as security for loans to petitioner conferred upon it the beneficial use of the credit facilities of the policies and, according to our holdings in the cases above cited, constituted petitioner an indirect beneficiary under the policies so long as they remained so hypothecated. We therefore approve respondent's disallowance of the *275 deduction claimed. Decision will be entered for respondent. Footnotes
1. SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - * * * * *
(4) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy:↩